**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1662

LEE KUZNAROWIS,

Plaintiff, Appellant,

v.

TOBEY HOSPITAL; SOUTHCOAST HEALTH SYSTEMS, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

David G. Gabor and Wagner Law Group on brief for appellant.
    Anthony D. Rizzotti, Gregory A. Brown, Kevin E. Burke, and
Littler Mendelson, P.C. on brief for appellees.

January 22, 2019

**Per Curiam.** After careful consideration of the record and the parties' arguments, we conclude for essentially the reasons given by the district court that Tobey Hospital (Tobey) and Southcoast Health Systems, Inc. (Southcoast), the defendants, are entitled to judgment as a matter of law, and affirm. See Kuznarowis v. Tobey Hosp., 320 F. Supp. 3d 307, 309 (D. Mass. 2018).

To summarize, our de novo review found no genuine issues of fact material to any claim. Lee Kuznarowis, the plaintiff, alleged that his employer, Tobey, and its operator, Southcoast, discriminated against him based on his age and gender, in violation of Massachusetts and federal law, and retaliated against him for complaints about the discrimination, also in violation of state and federal law. Tobey and Southcoast say that Kuznarowis was fired because an investigation uncovered irregularities in his handling of prescription narcotics, including substandard medication administration and documentation practices. When Tobey presented Kuznarowis with the investigation's results, Kuznarowis could neither explain these deviations from best practices nor account for unaccounted-for controlled substances. The record contains extensive support for Tobey and Southcoast's legitimate, non-discriminatory reasons for terminating Kuznarowis. Included is a detailed report on the investigation submitted to the state's Board of Registration in Nursing, as is required when a hospital

- 2 -

discovers such irregularities. And, because Kuznarowis offers no evidence suggesting that these reasons were pretext for discriminatory ones, he cannot prevail on his discrimination claims. See Murray v. Kindred Nursing Ctrs. W. LLC, 789 F.3d 20, 26-27 (1st Cir. 2015).

Kuznarowis waived his retaliation claims by mentioning them only passingly in the district court, as that court noted. See Kuznarowis, 320 F. Supp. 3d. at 314; see also McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991). In any event, the retaliation claims would not succeed: There is a paucity of evidence that the complaints were either protected or the cause of an adverse employment action.

Affirmed. See 1st Cir. Rule 27.0(c).